Chantel M. Schimming, Esq.
Nevada Bar No. 08886
Ghidotti | Berger LLP
7251 W. Lake Mead Blvd., Ste. 470
Las Vegas, NV 89128
Ph: 949-427-2010
Fax: 949-427-2732
bknotifications@ghidottiberger.com

Attorney for Secured Creditor,
*U.S. Bank Trust National Association, as Trustee for LB-Dwelling Series VI Trust*

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

LAS VEGAS DIVISION

| | |
|---|---|
| In Re:<br><br>DAKOTA DELANCE<br><br>Debtor. | CASE NO.: 26-14954-abl<br><br>CHAPTER 13<br><br>**OBJECTIONS TO PROPOSED CHAPTER 13 PLAN #1 AND CONFIRMATION THEREOF** |

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE, THE DEBTORS, AND THE CHAPTER 13 TRUSTEE:**

Secured Creditor, U.S. Bank Trust National Association, as Trustee for LB-Dwelling Series VI Trust, its successors and/or assignees, ("Secured Creditor") hereby objects to confirmation of Debtor DAKOTA DELANCE ("Debtor") proposed Chapter 13 Plan #1 (the "Plan") filed on August 19, 2026, as Docket Number 14, and states:

1. Secured Creditor holds a secured claim by virtue of that certain Note ("Note") dated December 30, 2020, which is secured by an Assignment of Deed of Trust ("Deed of Trust") recorded in the Official Records of Clark County, Nevada, on February 25, 2025, as instrument number 1043339, encumbering the real property commonly known as 4701 East Savoy Blvd,

Pahrump, NV 89061 ("Property").

2. Debtor commenced filed litigation related to his loan in the United States District Court, District of Nevada, in January 2026, as Case No. 2:26-cv-00177-GMN-EJY ("District Court Case").

3. On July 17, 2026, the District Court granted defendants' motions to dismiss and denied Plaintiff's request for injunctive relief. As to injunctive relief, the Court specified that based on its determination that Plaintiff failed to demonstrate his likelihood to succeed on the merits of his claims, his Motion for Temporary Restraining Order was likewise denied. [District Court Case ECF No. 35].

4. Debtor appealed on July 28, 2026. [District Court Case ECF No. 36] and sought emergency injunctive relief in the Ninth Circuit, Case No. 26-4844 the next day. *See* United States Court of Appeals for the Ninth Circuit, case number 26-4844 ("Appellate Case"), [Appellate Case DktEntry 4.1].

5. Debtor's emergency motion for injunctive relief filed in the appellate case was denied on August 5, 2026. [Appellate Case DktEntry 9.1].

6. On August 5, 2026 ("Petition Date"), the night before the scheduled foreclosure sale, Debtor filed his Voluntary Petition under Chapter 13 of the United States Bankruptcy Code.

7. On August 19, 2026, the Debtor filed the proposed Chapter 13 Plan #1 as Docket Number 14 (the "Plan").

8. Secured Creditor intends to file its Proof of Claim by the bar date of October 14, 2026, reflecting a total amount owed to Secured Creditor of $392,823.31, pre-petition arrears of $99,274.79, and an ongoing monthly post-petition mortgage payment of $2,304.95.

9. Nonstandard Plan Provision 9.2 of the Plan states that a loan modification would need to be agreed to for prepetition and postpetition numbers to be feasible.

10. The Debtor has not engaged in substantive loan modification discussions, and there is no proposed modified loan payment or other modification terms before the Court.

11. The Plan fails to fully provide for cure of Secured Creditor's prepetition arrearage as required by 11 U.S.C. § 1322(b) and § 1322(e). Secured Creditor's Proof of Claim reflects prepetition arrearages in the amount of $99,274.79. However, Section 4.2 of the Plan does not provide for any prepetition arrears. The Plan therefore fails to provide payment of the full amount of the allowed prepetition arrearage claim. In order to properly provide for Secured Creditor's claim, the Plan must include a provision for curing any default during the plan term while maintaining ongoing payments. Since the proposed Plan fails to do so, it cannot be confirmed as proposed.

12. The Plan is not feasible and therefore fails to satisfy the requirements of 11 U.S.C. §1325(a)(6). The Plan proposes monthly plan payments of $2,500.00, and lists the entire $2,500.00 to be paid as conduit payments, while the mortgage payment alone is $2,304.95. With no provision for curing the substantial prepetition arrears over the plan term and with feasibility expressly conditioned on an unapproved loan modification (see § 9.2), the Plan is facially infeasible. A plan cannot be confirmed where its viability depends on a speculative future event outside Debtor's control and not supported by any concrete, pending agreement or terms. The Plan should provide for treatment of the claim independent of any future modification and based upon presently existing obligations and presently ascertainable terms.

13. To the extent the Plan's proposed treatment depends upon the uncertain possibility of a future mortgage modification, that treatment remains speculative and does not cure the Plan's present deficiencies under 11 U.S.C. § 1325(a)(6). Accordingly, the Court should not approve the Plan as proposed.

14. The totality of the circumstances demonstrates a lack of good faith. Debtor filed the Petition on August 5, 2026, the night before a scheduled foreclosure sale, following the District Court's July 17, 2026, order granting motions to dismiss an denying Debtor's request for a temporary restraining order, and after the Ninth Circuit denied emergency injunctive relief earlier that same day. The Plan then proposes no arrearage cure and no concrete means of

addressing Secured Creditor's claim. Instead, feasibility is conditioned on a speculative loan modification, despite the absence of meaningful loan modification negotiations and any postpetition outreach by Debtor. The timing of the filing, coupled with the Plan's treatment of the secured claim, supports the conclusion that the case was filed principally to delay enforcement of secured rights rather than to pursue a feasible and confirmable repayment proposal. These circumstances weigh against a finding of good faith under 11 U.S.C. §§ 1325(a)(3) and 1325(a)(7).

15. At bottom, confirmation should be denied unless and until Debtor proposes an amended Plan that fully cures allowed arrears within the Plan term, provides for ongoing contractual payments, and removes any contingency based on a not-yet-approved modification.

**WHEREFORE**, Secured Creditor respectfully objects to confirmation of the proposed Plan and requests the following:

1. That confirmation of the Debtor's proposed Chapter 13 Plan #1 be denied;
2. For attorneys' fees and costs incurred herein;
3. For such other and further relief that this Court deems just and proper.

Dated: 9/21/2026

**GHIDOTTI | BERGER LLP**

*/s/ Chantel M. Schimming*
Chantel M. Schimming, Esq.
Nevada Bar No.: 08886
Attorney for Secured Creditor

**CERTIFICATE OF SERVICE**

On September 21, 2026, I served the foregoing document described as Objection to Confirmation on the following individuals. By electronic means through the Court's ECF program:

COUNSEL FOR DEBTOR:
ANDREW A. BAO
ANDREW BAO & ASSOCIATES
abao@abao.law

TRUSTEE:
KATHLEEN A. LEAVITT
courtsecf3@las13.com

By depositing true copies thereof in the United States mail at Santa Ana, California enclosed in a sealed envelope, with postage paid, addressed as follows:

DEBTOR:
DAKOTA DELANCE
4710 SAVOY BLVD.
PAHRUMP, NV 89061

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Lauren Williams